RICHARD HANRAHAN *v.* AUGUSTIN LECLERCQ et al.

The husband cannot plead in compensation to a debt due by him to a succession, the portion coming to his wife as heir to such succession ; nor can he, as administrator of his wife's paraphernal property, receive in payment of such portion as may fall to her, *debts due by himself*, and by receipting for the same, thereby discharge the administrator from the claims of the wife, as heir-at-law of the estate.

APPEAL from the District Court of the Parish of West Baton Rouge, *Avery*, J. *Thomas G. Morgan*, for plaintiff and appellant. *Barrow & Pope*, for defendants.

LAND, J. The facts of this case, as disclosed by the pleadings and evidence, are stated by appellant's counsel as follows :

" *Richard Wall*, a resident of the parish of West Baton Rouge, died intestate, unmarried, and without leaving any legitimate descendants. His heirs are his mother and four brothers and sisters residing in Ireland, and the wife of the appellant, who is also a sister of the deceased, and resides with her husband in the parish of West Baton Rouge.

" The defendant, *Leclercq*, was appointed administrator of his estate. At the sale of the property belonging to the succession, *Hanrahan* became the purchaser of certain lands, slaves and personal property, and complied with the terms of sale, by paying the amount of cash required, and by furnishing his notes for the remainder of the price.

" The first installment became due on the 1st of March, 1857. On the 15th of September, 1857, the administrator filed an account, in which he sets forth the fact, that he had paid all the debts which had been presented to him, and that there remained in his hands for distribution amongst the heirs, the sum of 1,557 36 in cash. He sets forth in his petition accompanying the account, that *Anastatia Wall*, the wife of appellant, is one of the heirs, and that there is due to her, as such, the sum of $274 82.

" He further states, that besides the cash funds on hand to be distributed, there is due to the *Succession of Wall*, notes and accounts to the sum of twenty-seven thousand five hundred and nineteen dollars and seventy-four cents, most of which can be collected.

" On the third of April, 1858, *Leclercq*, administrator, sued out the executory process against *Hanrahan*, which was enjoined. *Hanrahan* avers, and the fact is not controverted, that he has the administration of the paraphernal property of his wife, and that an acquittance given by him to the administrator of the whole or any part of the succession of her brother, coming to her as one of his heirs, would be conclusive against her ; that, according to the showing of the administrator, his (*Hanrahan's*) wife's interest in the estate, exclusive of the $274 82, would be $4,402 79 ; that he offered to give an acquittance for these amounts to the administrator, and to pay the balance in cash, but the same was rejected, although no opposition had ever been made to the account of the administrator either by the heirs or creditors of the succession."

If, upon this statement of the case, the plaintiff has any right to enjoin the collection of the debts which he owes to the *Succession of Richard Wall*, it must be either on the ground, that the portion coming to his wife from the estate, is

compensated by his said debts, or on the ground, that he has the right, as administrator of the paraphernal property of his wife, to receive in payment of of said portion, *debts due by himself*, and thereby discharge the administrator of the succession, from the claims of the wife as an heir-at-law of the deceased.

*First.*—Compensation takes place by the mere operation of law, and both debts are extinguished, when two persons are indebted to each other in a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable. C. C. 2203, 2204, 2205.

If the portion coming to the wife be considered a debt due from the administrator of the *Succession of Wall*, it still would not be in law, a debt due to the husband, but is a debt due to the wife, whose rights are separate and distinct from those of the husband, and consequently it cannot be affirmed that the administrator of the succession, and the husband, are the reciprocal debtors of each other, in the sense of Article 2203 of the Civil Code.

Pothier says, in treating of compensation, that the debt must be due to the very person who opposes it as a compensation, *ejus quod non ii debitur qui convenitur sed alii compensatio fieri non potest.*" L. 9, Cod. dict. tit.

" Therefore, I cannot set off against a debt due from myself, one which is due to a person of whom I am tutor, or curator, or to my wife, having a separate estate." Pothier on Obligations, p. 3, c. 4, s. 2, No. 594; 10 An. 653.

*Second.*—In considering the question whether the husband as administrator of the paraphernal property of his wife, has a right to receive in payment of a portion coming to her, as heir from an estate, debts due by himself to the succession, a distinction must be made between *his capacity* to receive and give acquittances *for debts due* to her separate estate, and *his authority* to receive in payment of such debts, as agent, or administrator of his wife, *debts due by himself*.

It appears to be well settled, that a husband has authority to receive whatever may be due to his wife on account of her paraphernal property, when such property is not proved to be under her sole and separate administration ; and that a payment made to him will discharge the debtor. C. C. 2362 ; *Richard* v. *Blanchard*, 12 R. 524.

But this is not really the question which arises on the pleadings and evidence in this case. The true question is, whether the payment of *a debt due to the wife with debts due by the husband,* is a valid payment, and *discharges the wife's debtor.*

The husband, in the administration of the wife's separate estate, acts as her *mandatary* or *agent,* and his power, or authority to receive his own debts, in payment of debts due to his wife, must be determined by the rules of law which regulate the contract of mandate. And according to these rules, an agent has no authority to take his own obligations in payment of debts due to his principal. *Hickey* v. *Sharpe,* 4 La. 337 ; *Nolan* v. *Rogers,* 4 N. S. 145.

The mere receipt or acquittance of the husband, *without a valid payment,* would not preclude the rights of the wife, nor discharge the administrator of the succession from her demands, as heir-at-law of the deceased.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.